"This case is before the court on defendant’s motion for summary judgment and plaintiffs opposition thereto. *771 Plaintiff has alleged in paragraph 14A of his second amended petition that defendant’s Army Corps of Engineers has directly used certain dredging apparatus and in doing so has infringed plaintiffs patent thereon in several instances. As an appropriate part of pretrial preparation, the trial judge issued an order requiring plaintiff to identify the evidence on which at trial he would rely to prove infringement at the times and places alleged.
"Plaintiff responded that at trial he would establish use by defendant of a piece of equipment personally observed and photographed by him and operated by a man who claimed to be working for the Army Corps of Engineers on a jobsite near Dumas, Arkansas. Further, plaintiff said he would show that no contractor’s sign was posted at the jobsite in Arkansas, contrary to defendant’s customary requirement when defendant itself was not doing the work but had contracted for it to be done. Rather, plaintiff alleged, the Army Corps of Engineers, Little Rock District, displayed its own signs at the site.
"Defendant responded that the plaintiffs proposed evidence would not establish liability of defendant, in that plaintiffs testimony would be uncorroborated and based merely on hearsay and on plaintiffs assumption that the work was being performed directly by defendant rather than by its contractors. Defendant also stated that the photographs were inadequate evidence of the identity of the equipment and its ownership by the United States. Defendant asked for the separation, from the issues of validity and infringement, of the issues of use and ownership of the equipment, proof of which was dependent upon the credibility and admissibility of plaintiffs proposed evidence.
"The trial judge agreed with defendant’s representations that plaintiff had not identified sufficient evidence to establish a prima facie case and ordered defendant to file the motion for summary judgment now before the court. In the motion defendant restates that the only evidence plaintiff intends to present at trial on the issues is his own testimony and the photographs taken by him, that the same are inadequate for a prima facie case because either *772 uncorroborated or hearsay, and that there is no dispute as to any material fact in the case.
"Plaintiff has given us an affidavit in his opposition to the motion, in which he states that the evidence he intends to offer regarding use of infringing equipment by defendant is, of his own personal knowledge, true and correct, and that he took the photographs in support thereof. Under Rule 101(d), summary judgment can be granted only where, as a matter of law upon admitted or established facts, the moving party is entitled to prevail. Reasonable doubts as to whether genuine fact issues exist must be resolved in plaintiffs favor here. It may be that the evidence plaintiff intends to present at trial (largely oral) will not persuade the trial judge in his favor, but plaintiff is entitled to his day in court where his evidence can be tested and his credibility as a witness can be judged. Any surmise that plaintiff is unlikely to prevail at trial on the merits is not a valid basis on which to authorize summary judgment. Further, what plaintiff may testify to as of his own knowledge is not hearsay. The admissibility of such evidence should not be confused with the weight to be accorded to it.
"it is therefore ordered that defendant’s motion for summary judgment is denied. Plaintiff is entitled to trial on the issues of use and ownership by defendant of the accused equipment. The validity of the patent, damages, and any other issues are reserved for later decision should plaintiff prevail on the preliminary question of liability. The case is remanded to the trial judge for further proceedings not inconsistent with this order.”